**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1356
_____

RP WYNSTONE LP; REAL PRO ENTERPRISES LP;
PROVIDENT TRUST GROUP LLC; GENERAL HANCOCK
PARTNERSHIP ENTERPRISES LP; TROLLYLINE
ENTERPRISES LP; AT REALTY LP; AKM PROPERTIES LP;
PROVIDENT TRUST GROUP LLC FBO BENJAMIN
GOLDTHORP ROTH IRA; PROVIDENT TRUST GROUP LLC
FBO CLAYTON HECKLER IRA

v.

TOWNSHIP OF NEW HANOVER; NEW HANOVER TOWNSHIP
AUTHORITY; BOARD OF SUPERVISORS OF NEW HANOVER
TOWNSHIP; JAMIE GWYNN; WILLIAM ROSS SNOOK; KURT
ZEBROWSKI; MARIE LIVELSBERGER; BOONE FLINT; THOMAS
MISKIEWICZ; CHARLES GARNER; RUSSEL OISTER; SUSAN
SMITH; WILLIAM MOYER; KNIGHT ENGINEERING INC; DANIEL
GRAY; CEDARVILLE ENGINEERING GROUP LLC; ROBERT FLINCHBAUGH

RP Wynstone LP; Real Pro Enterprises LP; General Hancock Partnership
Enterprises LP; Trollyline Enterprises LP; AT Realty LP; AKM Properties LP
FBO Benjamin Goldthorp Roth IRA; Provident Trust
Group LLC FBO Clayton Heckler IRA,
                    Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-00959)
District Judge: Hon. Joel H. Slomsky
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 2, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Filed: March 3, 2026)

———————————

OPINION[*]

———————————

HARDIMAN, *Circuit Judge*.

This appeal arises from a longstanding land-use dispute in New Hanover, Pennsylvania. Plaintiffs are real estate companies and investors (the Developers). They sought to develop about 230 acres of property as "a mixed-used development" with single-family homes, multi-family homes, and commercial space. App. 95. Though the Developers received preliminary approval for one of their plans in 2007, the projects stalled, and several state lawsuits followed.

In this federal court action, filed on March 5, 2024, the Developers sued New Hanover Township and related parties (collectively, the Township) under 42 U.S.C. § 1983. They alleged constitutional violations and conspiracy. They claimed that the Township, in an effort to limit its racial diversity, undertook a lengthy campaign to obstruct their projects by, *inter alia*, passing onerous ordinances, refusing to grant extensions, and arbitrarily denying their plans.

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court dismissed the Developers' claims for a variety of reasons. We will affirm, essentially for the reasons the District Court articulated in its thorough and careful opinion.

I[1]

We start with the two-year statute of limitations, which precludes most of the Developers' claims. *See* 42 Pa. Cons. Stat. § 5524(2); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Ammlung v. City of Chester*, 494 F.2d 811, 814–15 (3d Cir. 1974). The Developers acknowledge that all acts alleged in the complaint occurred *outside* that period, except for two: (1) the Township Manager's June 2022 settlement offer; and (2) Knight Engineering's October 2023 letter to the Township reviewing the Developers' August 2023 revised plan (and referencing one of the ordinances the Developers say was enacted to obstruct their plans). Invoking the continuing violation doctrine, the Developers argue that these two acts were part of an ongoing course of conduct that tolls the statute of limitations. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). We disagree.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction under 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss is plenary. *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). At the motion to dismiss stage, "we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

For starters, "the continuing violation doctrine does not apply when the plaintiff is aware of the injury at the time it occurred." *Montanez v. Sec'y of Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (citation modified). With allegations dating as far back as 2018, and related state litigation beginning in 2020, the Developers were well aware of each injury when it occurred and could have sued back then. *See id.*

Moreover, as the District Court determined, neither the settlement offer nor the routine issuance of an engineer's review letter were obstructive conduct constituting "continual unlawful acts." *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005) (citation modified). Instead, they were discrete acts that cannot revive untimely causes of action. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). In short, because the Developers "failed to assert [their] rights in a timely fashion," all their claims are untimely as they relate to any factual allegations predating March 5, 2022. *Montanez*, 773 F.3d at 481.

II

We now consider whether either the June 2022 settlement offer or the October 2023 letter support a claim upon which relief can be granted.

First, take the Developers' substantive due process claims. "Land-use decisions," in particular, "are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." *United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 402 (3d Cir. 2003). Instead, those actions must "shock[] the conscience." *Id.* at 400.

The complaint states that Knight Engineering's October 2023 review of the latest development plan resulted in a letter to New Hanover Township which "noted [the] requirements" of one of the Township's ordinances. App. 120. Such anodyne facts about Knight Engineering's work, which merely referenced a disfavored ordinance, do not constitute conscience-shocking behavior, as the District Court rightly held.

The June 2022 settlement offer likewise fails to support an allegation of conscience-shocking behavior. The complaint alleges only that the Township Manager offered to settle related state litigation if the Developers agreed to modify their development plans. A standard settlement offer does not rise to the level of "the *most* egregious official conduct" that "shocks the conscience." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (emphasis added). *See id.* at 286 (no substantive due process violation where the plaintiffs had alleged local officials "delayed certain permits and approvals" and "maligned and muzzled" the plaintiffs). The Developers therefore failed to state a substantive due process claim.

So too with the Developers' equal protection claim. To succeed, the Developers would have to show that: (1) they were treated differently from similarly situated individuals; and (2) the differential treatment was based on an unjustifiable standard. *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010). We agree with the District Court that the Developers have failed to allege that similarly situated land developers were treated differently.

As alleged, the Township did not treat these Developers differently from any other land developers. The complaint itself acknowledges that "the Township has effectively

5

stopped *all* building and land development," and that it "has not approved any major subdivision and land development plans" in the last several years. App. 94 (emphasis added). So the Developers failed to state an equal protection claim. And because they failed to state a claim for either of the underlying offenses, the civil conspiracy allegations fail as well. *See Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000).

\* \* \*

For the reasons stated, we will affirm the order granting the motion to dismiss.